IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDELL ROGERS,<br><br>        Petitioner,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | No. C 09-3233 JSW (PR)<br><br>**ORDER OF TRANSFER** |

      Plaintiff, a prisoner of the United States, currently incarcerated in the United States Penitentiary in Atwater, California, has filed a petition for a writ of habeas corpus in this Court under 28 U.S.C. § 2241. Petitioner is seeking "an arrest of judgment" of his bank robbery conviction from the United States District Court for the District of Maryland on the grounds that the court lacked subject matter jurisdiction because no connection to interstate commerce was established. Petitioner has neither paid the filing fee, nor filed an application to proceed *in forma pauperis.*

      Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the court finds that relief is warranted under Section 2255, it must "'vacate and set the judgment aside'" and then do one of four things: "'discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.'" *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999) (quoting 28 U.S.C. § 2255).

      A prisoner in custody under sentence of a federal court who wishes to attack

collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to § 2255 in the court which imposed the sentence. *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Only the sentencing court has jurisdiction. *See id.* at 1163. A prisoner may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via § 2255 motion); *Tripati*, 843 F.2d at 1162 (challenge to legality of conviction must be brought in sentencing court via § 2255 motion); *see also United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) (where challenge is to alleged errors at or prior to sentencing remedy is § 2255 motion, not § 2241 writ). Petitioner does not argue here that § 2255 is an inadequate remedy. *See,* 28 U.S.C. § 2255(e).

      Therefore, the Court ORDERS that pursuant to 28 USC § 1406(a), the Clerk of the Court shall TRANSFER this matter to the United States District Court for the District of Maryland forthwith.

      Petitioner is further advised that this Court's action to recharacterize his action as a motion under § 2255 will subject subsequent § 2255 motions to the law's "second or successive" restrictions. *Castro v. United States*, 540 U. S. 375, 377 (2003); *United States v. Seesing*, 234 F.3d 456, 462-64 (9th Cir. 2001). Therefore, Petitioner is advised that if he does not wish to proceed on this action as filed, he may voluntarily withdraw the action, or amend his petition to comply with the mandates of that statute. *Id.* However, any such requests by Petitioner must be undertaken in the District of Maryland, where this case has been transferred.

      IT IS SO ORDERED.

DATED: July 29, 2009

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LYDELL ROGERS,

        Plaintiff,

  v.

USA et al,

        Defendant.

Case Number: CV09-03233 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lydell Rogers
31700-037
United States Penitentiary
P.O. Box 019001
Atwater, CA 95301

Dated: July 29, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk